Submitted on record and briefs April 6, on appeal, reversed and remanded for reconsideration of motion for attorney fees; affirmed on cross-appeal May 23, 2007

Tobi Leroy PATTERSON,
aka Leroy Patterson,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

Daina L. FREEMAN
and Diana Saltvick,
*Defendants-Appellants*
*Cross-Respondents.*

Lincoln County Circuit Court
055504; A132295

159 P3d 1238

Andy Simrin filed the briefs for appellants - cross-respondents.

Tobi L. Patterson filed the briefs *pro se.*

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendants appeal a general judgment dismissing all claims against them, allowing a request for an enhanced prevailing party fee, but denying their request for attorney fees. They argue that the trial court erred in denying the fee request. Plaintiff cross-appeals, arguing that the trial court erred in allowing the request for an enhanced prevailing party fee. On the appeal, we agree with defendants for the reasons that follow and reverse and remand for reconsideration of the attorney fee request. On the cross-appeal, we reject plaintiff's contentions without discussion.

The relevant facts are not in dispute. Plaintiff is an inmate at the Snake River Correctional Institution, currently serving a sentence on a 1995 sodomy conviction. Plaintiff was at one time engaged to defendant Freeman. Defendant Saltvick is Freeman's mother.

Plaintiff filed a complaint in Lincoln County Circuit Court against both defendants, alleging that they, among other things, stole property from him and damaged his reputation. Plaintiff's complaint alleged that he lived in Lincoln County, but it contains no allegations as to where defendants lived or where their conduct occurred. A process server served Saltvick, but Freeman was never served.

Defendants filed motions to dismiss, arguing that the complaint failed to establish venue and failed to state a claim. Defendant Freeman also argued insufficiency of service. In both motions, defendants alleged entitlement to attorney fees with the identical statement:

> "This claim 'is entirely devoid of legal or factual support' and can only be construed as having a 'primary aim of which was something other than the procurement of the fair adjudication of an authentic claim' entitling Defendant to recover attorney fees and costs under ORS 20.105. *Mattiza v. Foster*, 311 Or 1, 12, 803 P2d 723 (1990)."

The trial court granted the motion to dismiss with prejudice. Defendants filed a motion for fees, costs, and disbursements. In that motion, defendants asked for costs, attorney fees under ORS 20.105, and an enhanced prevailing

party fee under ORS 20.190. The trial court allowed the request for costs and for an enhanced prevailing party fee. The court, however, denied the request for attorney fees. The judgment explains that "the court will deny Defendants['] request for attorney fees, as they are only recoverable when a right to such fees has been alleged per ORCP 68 C."

On appeal, defendants argue that the trial court erred in failing to entertain their motion for an award of attorney fees. They argue that they did allege their entitlement to fees as required under ORCP 68 C.

ORCP 68 C(2)(a) requires that "[a] party seeking attorney fees shall allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party." The rule goes on to state, however, that, when a party does not file a pleading, and instead seeks judgment by motion, "a right to attorney fees shall be alleged in such motion, in similar form to the allegations required in a pleading." ORCP 68 C(2)(b).

In this case, defendants did not file pleadings. They moved to dismiss the complaint. In their motions, they alleged entitlement to attorney fees under ORS 20.105. They explained that the nature of the allegations of plaintiff's complaint entitled them to fees under that statute. Thus, defendants did all that ORCP 68 C(2)(b) requires, and the trial court erred in failing to consider their attorney fee request.

Defendants argue that we should not merely reverse and remand for reconsideration of their motion for attorney fees but, instead, should order the trial court to award the fees. Defendants reason that, under ORS 20.105, an award of fees is *required* if the court finds that "there was no objectively reasonable basis for the claim," and the trial court necessarily made that finding in awarding them the enhanced prevailing party fee under ORS 20.190(3).

We disagree. Under ORS 20.105(1), "the court shall award reasonable attorney fees to a party against whom a claim * * * is asserted" if the court finds that "there was no objectively reasonable basis for asserting the claim." Under ORS 20.190(3), however, the court may award an enhanced prevailing party fee after considering a number of factors,

including the conduct of the parties in the transaction or occurrence that gave rise to the litigation, the reasonableness of the claims asserted, the reasonableness of the parties and their attorneys during the proceedings, and "[s]uch other factors as the court may consider appropriate under the circumstances of the case."

The standards are not coextensive. An award under ORS 20.190(3) does not necessarily imply a finding that "there was no objectively reasonable basis for asserting the claim," which is required for an award under ORS 20.105(1). We therefore decline to order the trial court to award fees and, instead, reverse and remand for reconsideration of defendants' fee request.

On appeal, reversed and remanded for reconsideration of motion for attorney fees; affirmed on cross-appeal.